[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10322
Non-Argument Calendar

_____

D. C. Docket No. 05-20593-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER IBARRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 4, 2006)**

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Ibarra appeals his 70-month sentence imposed after his guilty plea to

two drug-related offense. For the reasons that follow, we affirm.

Ibarra pleaded guilty to a two-count indictment charging him with attempted possession with the intent to distribute 1 kilogram or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. At the change-of-plea hearing, Ibarra admitted that he attempted to purchase 3,225.1 grams of cocaine, and 1,099.3 grams of heroin from an undercover officer in exchange for $11,000. Ibarra was to deliver the drugs to a third person.

The probation officer calculated the guidelines range based on a base offense level of 32 under U.S.S.G. § 2D1.1(a)(3) and (c)(4), with a 2-level safety-valve reduction under U.S.S.G. § 5C1.2, and a 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. The probation officer did not recommend a reduction for role in the offense, U.S.S.G. § 3B1.2. With a total offense level of 27 and a criminal history category I, the resulting guidelines range was 70 to 87 months imprisonment. Ibarra objected to the failure to recommend a role reduction.

At sentencing, the court overruled the objection, finding that Ibarra's conduct was different from a courier who comes through the airport trying to get drugs through customs. The court noted the large quantity of drugs involved, and determined that even though other people were involved, Ibarra's conduct did not warrant a reduction. The court then found that the guidelines range was reasonable

and that the nature of the offenses did not deserve a more lenient sentence than the low end of the guidelines range.  Accordingly, the court sentenced Ibarra to 70 months imprisonment.  Ibarra now appeals, challenging the denial of the role reduction and the reasonableness of his sentence.

I.    Minor-Role Reduction

Ibarra argues that the district court erred in failing to assign a role reduction because he (1) was involved in only one transaction, (2) did not have the authority to make decisions or participate in the planning of the scheme, (3) did not own the drugs or supply the money, and (4) did not contribute any knowledge or expertise to the transaction.  Ibarra further contends that the district court failed to compare his conduct with that of the other members involved in the transaction.

We review a district court's determination of a defendant's role in the offense for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The burden is on the defendant to show that the adjustment is warranted.  Id. at 939.

Under U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity.  A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."

3

U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a reduction applies, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. As to the first prong of the De Varon analysis, we have explained that, "[o]nly if the defendant can establish that [ ]he played a relatively minor role in the conduct for which [ ]he has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." De Varon, 175 F.3d at 944. Further, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive - in and of itself - in the extreme case." Id. at 943.

With regard to the second prong of the De Varon analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." Id. at 944. We have recognized, however, that the first prong set forth in De Varon may, in many cases, be dispositive. Id. at 945. Moreover, it is possible that no one involved is a minor

4

participant. Id.

Here, Ibarra pleaded guilty to, and was accountable for, exchanging $11,000 for large quantities of cocaine and heroin. Based on Ibarra's relevant conduct, the district court did not clearly err in determining that a role reduction was not warranted. Moreover, Ibarra failed to put forth any evidence to show that his role in the relevant conduct was minor. As Ibarra did not meet his burden, the district court properly denied the reduction.

II.     Reasonableness

Ibarra next argues that his sentence is unreasonable because the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a) and gave undue weight to the guidelines. He further contends that the court did not meaningfully consider his personal characteristics, history, likelihood of recidivism, or the disparities between all the individuals involved in the offense.

We review sentences for reasonableness, and we do so with deference to the district court. United States v. Talley, 431 F.3d 784, 786, 788 (11th Cir. 2006). After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court must first accurately calculate the defendant's guideline range and second consider the § 3553(a) factors to determine a reasonable sentence. Talley, 431 F.3d at 786; United States v. Winingear, 422 F.3d 1241,

1246 (11th Cir. 2005). Those factors include, inter alia, (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant, and (4) the need to avoid unwarranted sentencing disparities among defendants with similar histories who have committed similar conduct. 18 U.S.C. § 3553(a). The district court is not required to state on the record that it explicitly considered each of the factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, the record reflects that the court considered the § 3553(a) factors in addition to the guidelines range to determine that a sentence below the guideline range was not sufficient punishment. Because the district court correctly calculated Ibarra's applicable guideline range, sentenced him at the low-end of that range and significantly below the statutory maximum, and considered the § 3553(a) factors, we conclude that Ibarra's sentence is reasonable. Accordingly, we AFFIRM Ibarra's sentence.